THE MAYOR AND CITY COUNCIL OF SAC- [45]
RAMENTO, RESPONDENT, *v.* THE STEAMER
CONFIDENCE, APPELLANT.

ACTION FOR WHARFAGE.—An action for wharfage may be maintained, although
the law imposing it speaks only in terms of a charge for "arrivals."

APPEAL from the Sixth Judicial District.

This case is similar to that of the same plaintiff against
the steamer New World, except in the particulars mentioned
in the opinion of the Court.

Mr. Justice HEYDENFELDT delivered the opinion of the
Court.    Mr. Ch. J. MURRAY concurred.

This case, upon the main points, must follow the decision
already made in the case of the same plaintiffs against the
steamer New World.    A difference is attempted to be
shown between the two cases, on account of a difference in
the language of the ordinance of January, 1852, under
which this right of action here accrued, and the ordinance
of June, 1852.

The principle argument is, that in section 8 of the ordi-
nance, the word wharfage is not used.    The answer to this
objection is, that it is necessary to look at the substantive
act for which the charge is made, and ascertain whether it
is of such a character as to warrant us in denominating the
charge upon it wharfage.    The section itself does not pre-
tend to give it any name; it simply says, "the following
rates or charges are hereby ordained."    It then proceeds to
describe the object of the rate or charge to be "vessels or
water craft which land at the levee or bank, or be made
fast thereto."    There cannot be a reasonable doubt that a
charge or rate for objects or acts thus specified, will, in
common parlance, be called wharfage.    But it is argued
that steamers are not included in this, because they are

expressly excepted in that sentence, and in the next it is declared, "all steamboats shall pay the sum of eight cents per ton for each and every arrival." It is said, therefore, that steamers are not charged for wharfage, but for an arrival. This is a very strained construction of the [46] section. Steamers *were excepted in the first sentence, simply because they were required to pay only about half the amount of wharfage charged upon other vessels; and in the next sentence the words "each and every arrival" is only intended to designate how often they shall be charged wharfage.

The whole section taken together, interposes no obstacle to the plaintiffs' right to recover.

The judgment is therefore reversed, and the cause remanded.